PROB 12B
(REVISED 5/2011)

# United States District Court
для
## Middle District of Tennessee

### Petition to Modify the Condition or Term of Supervision
*(Probation Form 49 Waiver of Hearing on the Modification is attached)*

Name of Offender: Jimmy Joe Clark         Case Number: 2:01-00020

Name of Sentencing Judicial Officer: Honorable John T. Nixon, Senior U.S. District Judge

Date of Original Sentence: August 21, 2003

Original Offense: 21 U.S.C. § 841(a)(1)(A) and (b)(1)(A), Possession with Intent to Distribute Methamphetamine and 21 U.S.C. § 843(a)(6) and (d)(2), Possession of Chemicals, Products, and Material used to Produce Methamphetamine

Original Sentence: 132 months' custody and five years' supervised release

Type of Supervision: Supervised release        Date Supervision Commenced: June 6, 2010

Assistant U.S. Attorney: To be determined      Defense Attorney: Michael Terry

### PETITIONING THE COURT

■ To modify the release conditions as follows:

**The defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision. The defendant shall pay for the cost of treatment services to the extent he is able as determined by the probation officer.**

**The defendant shall abstain from the use of alcohol and/or all intoxicants during the term of his supervised release.**

THE COURT ORDERS:
☐ No Action
☐ The extension of supervision as noted above.
■ The modification(s) as noted above.
☐ Other

Considered this 9th day of September, 2013, and made a part of the records in the above case.

_____
John T. Nixon
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Amanda M. Russell
U.S. Probation Officer

Place   Nashville, Tennessee

Date    August 21, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation No.   Nature of Noncompliance**

1.   <u>**The defendant shall refrain from any unlawful use of a controlled substance.**</u>
    On July 10, 2013, Mr. Clark was given a drug test that appeared to be positive for Oxycodone and amphetamine. When questioned by the probation office, he initially denied using any illegal drugs or medications not prescribed to him. After further questioning, Mr. Clark admitted to using a 40mg Oxycodone pill, given to him by a co-worker, and to buying an over-the-counter weight loss drug, Hydroxycut, at a convenience store. The urine sample was mailed to the lab for confirmation and on July 16, 2013, the probation office received lab results which were negative for the test on July 10, 2013.

    On August 13, 2013, Mr. Clark was given a drug test that appeared to be positive for opiates. When questioned by the probation officer, he admitted to consuming three Hydrocodone pills between August 11 and August 13, 2013. Mr. Clark reported he did not have a valid prescription for Hydrocodone, but the pills were given to him by a co-worker. The positive result was confirmed by the drug testing laboratory on August 15, 2013.

<u>**Compliance with Supervision Conditions and Prior Interventions**</u>:
Jimmy Joe Clark is currently employed in the construction industry, and lives in Dowelltown, Tennessee. Mr. Clark began his term of supervised release on June 4, 2010, and is due to terminate supervision on June 3, 2015.

Mr. Clark was supervised in the Middle District of Tennessee from June 4, 2010, until July 15, 2011, when his supervised release was transferred to the Eastern District of Tennessee. Mr. Clark requested to return to the Middle District of Tennessee and his case was transferred back on March 28, 2013. U.S. Probation Officer Daniel Haimelin did not request transfer of jurisdiction and jurisdiction remains in the Middle District of Tennessee.

A report was submitted to the Court on April 8, 2013, regarding Mr. Clark's violation of failure to notify the probation officer at least ten days prior to any change in residence or employment. Your Honor ordered no action at that time. Mr. Clark was given a verbal reprimand and re-instructed to notify the probation officer at least ten days prior to any change in residence or employment in the future and to not travel out of the district without permission.

Following his admission on July 10, 2013, to using medications not prescribed to him, Mr. Clark was verbally reprimanded by the probation officer and re-instructed to not use any illegal substances or medications not prescribed to him. Mr. Clark understands that possession of an illegal drug is grounds for mandatory revocation and any future illegal drug use may likely result in a request for a hearing before the Court and possible recommendation for revocation.

Mr. Clark has a significant substance abuse history including alcohol, marijuana, cocaine, and methamphetamine. Considering he does not have a substance abuse treatment condition to address issues such as these, it is requested that a substance abuse treatment condition and a no alcohol consumption condition be added at this time.

On August 13, 2013, a waiver of hearing form to modify the conditions of his supervised release was

thoroughly explained to Mr. Clark and he stated he understood his rights to representation by counsel and to a hearing. Mr. Clark voluntarily signed the waiver to modify the conditions of his supervised release.

### U.S. Probation Officer Recommendation:

It is respectfully recommended that Mr. Clark's special conditions be modified as indicated in the petition. The U.S. Attorney's Office has been advised of the offender's noncompliance and the probation officer's recommendation for modification of the release conditions.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# MIDDLE DISTRICT OF TENNESSEE

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision. The defendant shall pay for the cost of treatment services to the extend he is able as determined by the probation officer.

The defendant shall abstain from the use of alcohol and/or all intoxicants during the term of his supervised release.

Witness: _____  Signed: _____
Amanda M Russell                      Jimmy Joe Clark
U.S. Probation Officer                Probationer or Supervised Releasee

August 13, 2013
Date